Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
**CRISPIN HANNON MARTON CAMBRELENG LLC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770

*Of Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **MARANIE STAAB,** an individual | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **CITY OF PORTLAND,** a municipal corporation; **COLBY MARRS**, an individual; **JUSTIN DAMERVILLE**, an individual; **CRAIG LEHMAN**, an individual; and **OFFICERS JANE DOES and JOHN DOES 1-31,** unknown individuals, | (Violations of Civil Rights 42 U.S.C. § 1983; 1st and 4th Amendment, Intentional Infliction of Emotional Distress; Battery and Assault; Oregon Common Law Claims) |
| Defendants. | **JURY TRIAL REQUESTED** |

## NATURE OF ACTION

1.

This is a Civil Rights and State tort action brought by Independent Journalist, Plaintiff Maranie Staab ("Staab"), pursuant to 42 U.S.C. § 1983 and ORS 30.265, *et al*. Beginning in the summer of 2020, Ms. Staab traveled to Portland, Oregon to cover the protests after the murder of George Floyd by a police officer. Staab is a professional and well-respected Photojournalist who recently returned from more than three months of reporting in Ukraine, has worked domestically and internationally for multiple news publications, commercial organizations, and international aid organizations. Her work focuses on human displacement, social justice issues and the effects of conflict. She has been published in several national and international publications, including The New York Times, VICE, The Washington Post, The Atlantic, The Guardian, Bloomberg, and others. She has also worked internationally with Doctors Without Borders, World Central Kitchen, The World Bank, The International Monetary Fund, The International Committee for the Red Cross, and other government and non-governmental aid organizations. Staab is a 2020 Pulitzer Center Reporting Fellow for Crisis Reporting and was awarded the Ed Kashi Scholarship to attend the Newhouse School of Syracuse University, where she studied visual communication and multimedia design. While at Newhouse, Staab was recognized for her visual reports with an unprecedented number of awards, including 2018 and 2019 College Photographer of the Year, among others. Ms. Staab's work extends beyond protest coverage. She is not a streamer, a Twitter personality or hobbyist.

After covering demonstrations in New York and Pennsylvania, Staab traveled to Portland in July 2020 to cover the ongoing protests for racial justice and against police brutality. Upon her arrival, Staab immediately experienced several incidents of police brutality herself.  Beginning in

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

July 2020 and continuing until March 2021, Staab was brutally attacked and physically injured by multiple Portland police officers on at least ten separate occasions. While covering newsworthy events and clearly marked as a member of the Press, Portland Police Bureau ("PPB") officers, without provocation and for no legal reason, aggressively pushed, manhandled, shoved, and slammed her body to the ground, wrongfully arrested and detained her without cause, shot less-lethal munitions at her body causing serious injuries, pepper-sprayed her eyes and face, confiscated her equipment, and otherwise used excessive force. All ten incidents were video recorded by multiple protesters and other members of the Press. There were at least five other incidents where she was physically touched by the PPB officers. Those incidents were not filmed and are not included in the complaint. Staab suffered serious physical, psychological, and emotional injuries as a result of PPBs unlawful behavior.

2.

The acts and omissions of defendants violated plaintiff's rights under the First and Fourth Amendments to the United States Constitution.

3.

Plaintiff also bring claims for violation of state law for Assault and Battery and Intentional Infliction of Emotional Distress, all pursuant to the court's supplemental jurisdiction.

4.

Plaintiff seeks to recover her economic damages, noneconomic damages, attorney fees and litigation expenses/costs from defendants. Plaintiff also seeks an assessment of punitive damages against the individual defendants under federal law.

//

//

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

JURISDICTION AND VENUE

5.

This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 1343, and 1397.

6.

The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

7.

The events described herein are alleged to have been committed in the District of Oregon, Portland Division.

PARTIES

8.

Plaintiff **MARANIE STAAB** is an individual resident and citizen of the State of Pennsylvania, County of Westmoreland.

9.

Defendant **CITY OF PORTLAND** is a municipal corporation in the State of Oregon. As a local governmental entity, the City of Portland is a person for purposes of 42 U.S.C. § 1983. At all material times, the City of Portland employed defendants Marrs, Damerville, Lehman, and Jane and John Does. At all material times, defendants Marrs, Damerville, Lehman, and Jane and

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

John Does were acting pursuant to the City of Portland's laws, customs, and/or policies. Pursuant to ORS 30.285(1), the city must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action by plaintiff. On information and belief, the decision to indiscriminately use force against plaintiff was made at a sufficiently high level as to be a policy decision of the City of Portland.

10.

Defendant **COLBY MARRS** is a Portland police officer who at all material times was employed by defendant City of Portland and was acting under color of state law and within the course and scope of his employment.

11.

Defendant **JUSTIN DAMERVILLE** is a Portland police officer who at all material times was employed by defendant City of Portland and was acting under color of state law and within the course and scope of his employment.

12.

Defendant **CRAIG LEHMAN** is a Portland police officer who at all material times was employed by defendant City of Portland and was acting under color of state law and within the course and scope of his employment.

13.

Defendants **JANE AND JOHN DOES** are unidentified members of the Portland Police Bureau (PPB), who were involved along with officers Marrs, Dorn, and Lehman in the incident forming the basis of plaintiff's claims herein. They were working within the course and scope of their employment and acted as alleged herein under color of state law. Plaintiff does not know Jane and John Does by their true names and therefore sues them under fictitious ones.

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

GENERAL ALLEGATIONS

14.

The murder of George Floyd at the hands of a Minneapolis police officer engendered widespread demonstrations in support of the Black Lives Matter (BLM) movement and against police violence disproportionately directed at Black, Indigenous, and community members of Color. While this is a national movement, it is extremely relevant in Portland, as data shows PPB's use of force, traffic stops, searches, seizures and arrests are disproportionately directed towards Black and other community members of color.

15.

In response to the protests that occurred in Portland, Oregon in the summer of 2020, PPB officers employed increasingly heavy-handed and brutal crowd control tactics, including acts that serve no legitimate policing purpose and violate the Constitutional rights of persons simply exercising their rights secured under the First Amendment.

16.

The unlawful use of force by PPB extended not only to protestors, but also clearly marked members of the Press, including Ms. Staab. There are dozens of documented incidents where PPB officers subjected Journalists to violence and brutality while they were simply trying to do their job – covering the protests. PPB officers also sought out specific members of Press, including Ms. Staab, who were regularly covering the BLM protests. PPB officers would call members of the Press by name. Upon information and belief, PPB officers regularly targeted members of the Press, including Ms. Staab.

17.

During the evening of July 28, 2020, and continuing into the morning of July 29, 2020,

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

while covering a demonstration held around the Multnomah County Justice Center, located at

1120 SW 3rd Avenue, to protest the police murder of George Floyd, Staab was assaulted by

multiple PPB officers while she was engaged in her work duties of covering a newsworthy event.

Ms. Staab attended the Portland protests as a clearly marked member of the Press, carrying

professional equipment, and visibly showing her Press credentials.

18.

During the demonstration, PPB officers ordered the crowd outside the Multnomah

Building to disperse from the immediate vicinity. Officers began moving the crown east. Staab

trailed behind so she could continue her coverage of the event. She was moving east as directed.

19.

Staab was walking on a sidewalk and away from the large crowd of protesters. As she

stopped momentarily to take a photograph, she was approached from behind by defendants Jane

and Johns Does, who were male and female PPB officers dressed in full tactical gear with their

faces completely covered by helmets. As Staab took photographs away from the crowd, one of

the unknown police officer aggressively pushed Staab towards the street causing injuries to her

hands, knees, and legs.

20.

A short time thereafter, Staab continued her coverage of the protestors and the police

response. Officers and protesters had moved towards the east side of the Justice Center and Staab

followed. As she stood with a group of protestors and clearly marked members of the Press, an

Officer tackled a protestor to the ground and caused what appeared to be serious injuries. Staab,

along with several other Press members, took images of the brutality. Subsequently, a garage

opened from the east side of the Justice Center and roughly two dozen PPB Officers, dressed in

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

full tactical gear, began indiscriminately shooting rubber bullets and less-lethal munitions at everyone in their line of sight. Despite being clearly marked as Press, an unknown PPB officer shot a rubber bullet directly at Staab's body causing serious injury to her knees and legs. A photograph of Staab's knee injury was taken following the attack. The image was captured the following day after serious swelling occurred.



21.

The entire incident was video recorded by a number of onlooking demonstrators and members of the Press.

22.

In September 2020, Staab was admitted to Intensive Care after her knee was reinjured and became infected and she went into septic shock. While she was in the hospital, she was diagnosed with serious, life-threatening injuries. She lost consciousness and remained in the hospital for at least three days. Her injuries resulted in medical bills and ongoing therapy and emotional and psychological damage.

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

23.

On August 6, 2020, Staab covered a Black Lives Matter demonstration at the PPB East Precinct, at or near 737 SE 107th Avenue. Staab attended the event as a clearly marked member of the Press, carrying professional equipment, and visibly showing her Press credentials. While Staab engaged in her work duties covering a newsworthy event, she was assaulted and arrested by defendant Colby Marrs.

24.

Prior to the assault and arrest, Staab was taking photographs of the protestors and the line of PPB officers that were sprawled along the street. As the Officers approached, Staab and other Press members moved towards the sidewalk and continued to cover the event. At 10:30 PM, Staab was lawfully photographing an exchange between officers and protesters when defendant Marrs approached her with a group of unknown PPB officers dressed in full tactical gear. Defendant Marrs aggressively shoved Staab towards the ground multiple times and nearly smashed her head on an electrical box. Other PPB officers surrounded Staab's body. Staab, who stands at 5 feet 8 inches and weighs less than 130 lbs., could hardly be seen as a viable threat. Staab was not interfering with any police actions. Despite her small stature, multiple PPB officers violently piled on top of Staab and cuffed her in front of multiple witnesses. She was carried into the street, where several PPB Officers knelt on her back, handcuffed her hands, and violently twisted her arms. She was shoved, pushed, and manhandled by defendant Marrs and multiple PPB officers. Staab pleaded with the officers to stop hurting her body.

25.

Defendant Marrs proceeded to arrest Staab and make false accusations against her. Staab was arrested and charged with Harassment and Interfering with a Police Officer. She was

Crispin Hannon Marton Cambreleng LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

detained for the remainder of the night, which prevented her from covering the protest. All charges were later dropped.

26.

Defendant Marrs' actions against Staab were without provocation or a legal basis. Video footage made public on social media sites clearly documents the officer's conduct. As a result of the unlawful assault and arrest on Staab, she suffered serious physical injuries including bruising, swelling to her hands, knee and leg, as well as emotional trauma. Staab also suffered significant psychological trauma due to the cumulative effect of multiple incidents of violent behavior by PPB officers. Staab was also prevented from completing her work of covering the protests for the remainder of the night.

27.

On August 10, 2020, while covering a demonstration held in front of the PPB's North Precinct, located on Northeast Martin Luther King Jr. Boulevard, to protest the police murder of George Floyd, Staab was assaulted by PPB officer Justin Damerville while she was engaged in her work duties of covering a newsworthy event. Staab attended the Portland protests as a clearly marked member of the Press, carried professional equipment, and visibly displayed her Press credentials.

28.

At or around 9:00 PM, Staab was recording the event with professional equipment when she entered the crosswalk walking towards the protest, located around Northeast Martin Luther King Jr. Boulevard. A group of PPB officers in full tactical gear bull-rushed a group of protestors and surrounded a light brown vehicle, pulling the driver from the car. Staab stood back to capture the incident. As she engaged in her work, defendant Damerville, wearing tactical gear but with

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

his helmet open and his face and mustache clearly visible, aggressively shoved Staab to the street, causing her physical and psychological injuries. The officer's actions against Staab were without provocation or a legal basis. Staab was complying with officers' orders. Video footage made public on social media sites clearly documents the officer's conduct. Upon information and belief, defendant Damerville purposely targeted Staab in his brutality.

29.

As a result of the unlawful assaults on Staab, she has suffered physical injuries including bruising, swelling to her knee and leg, as well as emotional and psychological trauma. Staab has also suffered significant psychological trauma due to the cumulative effect of multiple incidents of violent behavior by PPB officers against members of the Press.

30.

On the evening of August 15, 2020, while covering a demonstration held in front of the Multnomah County Justice Center, located at 1120 SW 3rd Avenue, Staab was assaulted by PPB officer Lehman while she was engaged in her work duties of covering a newsworthy event. Staab attended the Portland protests as a clearly marked member of the Press, carried professional equipment, and visibly displayed her Press credentials.

31.

Around 11:30 PM, Staab and other individuals were walking toward the demonstrations when teargas was discharged in the area; the gas engulfed all persons in a cloud of the toxic and harmful chemical weapon. Staab witnessed and filmed defendant Lehman aggressively pull off the gas mask of a protestor and rip off the protestor's helmet. When defendant Lehman noticed Staab filming his actions towards the protestor, he approached her. Defendant Lehman violently manhandled Staab, picked her up and pushed her towards the street where she fell into a bush.

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

The officer's actions against Staab were without provocation or a legal basis. Video footage made public on social media sites clearly documents the officer's conduct.

32.

As a result of the unlawful assault on Staab, she has suffered physical injuries including cuts on her fingers, hands, knees and elbows, bruising on her hands, calves and knees as well as emotional and psychological trauma. A picture of her injured fingers and her Press jacket are included herein.



33.

On the evening of August 22, 2020, at around 9:25 PM, Staab was engaged in her work duties as a member of the Press by reporting on a demonstration held in front of the PPB's North Precinct, located Northeast Martin Luther King Jr. Boulevard. While recording an arrest, Staab was assaulted by defendant John Doe, an unknown PPB officer wearing a helmet that was marked as "# 6." Ms. Staab attended the Portland protests as a clearly marked member of the Press, carried professional equipment, and visibly displayed her Press credentials.

34.

At the time, Staab was on the street, lawfully engaged in her journalistic duties when,

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

without provocation, she was violently shoved by defendant Doe, an PPB officer with a helmet visibly marked as #6. The officer approached her from behind and pushed, manhandled, and violently shoved her to the street, causing physical and psychological injuries. The officer later shoved her towards the sidewalk, where she fell to the ground. The officer's actions against Staab were without provocation or a legal basis. As a result of the unlawful assault on Staab, she has suffered physical injuries including damage to her knee and legs and bruising as well as emotional and psychological trauma. Images showing her leg injuries are included herein.

 

35.

In the late evening of August 25 and the early morning of August 26, 2020, while covering a demonstration held in front of the Multnomah County Justice Center, located at 1120 SW 3rd Avenue, to protest the police murder of George Floyd, Staab was assaulted by several unknown officers wearing full tactical gear. Staab attended the August 25th event as a clearly marked member of the Press, carried professional equipment, and visibly displayed her Press credentials.

36.

Around 11:59 AM, Staab was near the garage behind the Justice center when officers

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

retreated into the garage and shot several rounds of less-lethal munitions as the garage doors closed. Staab was hit by the munitions in her knee, which caused serious and ongoing injuries. The officer's actions against Ms. Staab were without provocation or a legal basis. Video footage made public on social media sites clearly documents the officer's conduct.

37.

As a result of the unlawful assault on Staab, she has suffered serious and ongoing physical injuries including extensive knee injuries and swelling, which became infected. Staab had previously injured her knee on July 29, 2020, and several times while covering the protests thereafter. The August 26, 2020, injury exacerbated the damage. Staab was admitted to Intensive Care in late September after her knee became infected. While she was in the hospital, she developed sepsis. Her injuries resulted in medical bills and ongoing therapy, well as emotional trauma.

38.

On September 26, 2020, Staab covered a demonstration held in front of the Multnomah County Justice Center, located at 1120 SW 3rd Avenue, to protest the police murder of George Floyd. While she was engaged in work duties, Staab was pushed and "kettled" or cornered into an area for Press only by multiple unknown PPB officers dressed in full tactical gear. Staab attended the Portland protests as a clearly marked member of the Press, carried professional equipment, and visibly displayed her Press credentials.

39.

As Staab was walking toward the demonstrations, an unknown PPB police officer aggressively pushed her away from the demonstration and refused to let her cover the newsworthy event even though they were a safe distance away from any immediate danger. The

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

officer's actions against Ms. Staab were without provocation or a legal basis. As a result, she

injured her wrist and hand. A picture of the injuries is included herein.



40.

On the evening of March 12, 2021, at approximately 8:57 PM, while covering a

demonstration held in and around Jamison Park, 810 NW 11th Avenue, Staab was prevented

from engaging in her first amendment rights as a member of a Press. Staab was "kettled" and

corned into a designated area for the Press. While she was being forcibly removed from engaging

in her work duties, she was shoved and pushed, resulting in injuries. Staab attended the Portland

protests as a clearly marked member of the Press, carried professional equipment, and visibly

displayed her Press credentials.

41.

At the time, Staab was covering the demonstrations when several unknown PPB police

officers aggressively pushed her away from the demonstration and refused to let her cover the

newsworthy event. She and other journalists were then forced to enter an enclosed space at or

near 14th Avenue and NW Marshall Street. She was photographed and forced to produce

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

identification. Her information was then cataloged by officers without her permission. The officers' actions against Ms. Staab were without provocation or a legal basis. Video footage made public on social media sites clearly documents the officer's conduct.

42.

As a result of the unlawful assault on Ms. Staab, she has suffered physical injuries including bruising as well as emotional trauma.

43.

On information and belief, the individual police officers were carrying out policy decisions and orders from PPB's chain of command, policies and procedures made and undertaken in deliberate violation of Plaintiffs' Constitutional rights.

**DAMAGES ALLEGATIONS**

44.

As a result of the actions alleged herein, plaintiff has and will continue to suffer economic damages. Plaintiff is entitled to recover from defendants such lost wages of employment and other economic losses, including reasonable follow up medical care required as a result of defendants' actions, in such amount as may be established at trial.

45.

As a further result of defendants' actions alleged herein, plaintiff has suffered and is entitled to recover for her noneconomic damages for pain and suffering, humiliation, embarrassment, and reaction to the excessive force, in an amount found to be appropriate by a jury based on the evidence presented at trial. Plaintiff also suffered significant psychological trauma due to the cumulative effect of multiple incidents of violent behavior by PPB officers against members of the press.

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

46.

Plaintiff is entitled to an assessment of punitive damages against Marrs, Lehman, Damerville and Jane and John Does in amounts to be determined at trial.

47.

Plaintiff is entitled to recover her reasonable attorney's fees, and other litigation costs of the action pursuant to 42 U.S.C. § 1988(b).

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – 4th Amendment Violation - Individual Liability)**

48.

Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

49.

It is clearly established law that an officer may not use force that, in light of the - circumstances and as perceivable by a reasonable, objective officer, is excessive and unnecessary.

50.

In taking the actions described above, including but not limited to defendants Marrs, Lehman, Damerville and Jane and John Does battering Staab while she was lawfully engaging her Journalist activity, by shoving Staab's body to the ground, by forcibly removing Staab from public places, by shooting rubber bullets at Staab's body, and by arresting her while she was engaged in peaceful protest. Defendants Marrs, Lehman, Damerville and Jane and John Does intentionally violated Plaintiff's right to be free from excessive force guaranteed by the Fourth Amendment of the Constitution.

//

PAGE 17 – COMPLAINT

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - First Amendment Violation - Free Speech and Assembly – Individual Liability)

51.

Plaintiff incorporates paragraphs 1 through 50, as though fully set forth herein.

52.

As described herein above, Defendants Marrs, Lehman, Damerville and Jane and John Does violated Plaintiff's rights to free speech and freedom of the Press. On information and belief, the conduct of the individual officers was in conformance with policy and orders dictated that evening by the Portland police department and subsequently ratified by their superiors in violation of the First Amendment to the United States Constitution.

53.

Defendant City of Portland, its Portland Police Bureau, its officials, and the individual defendants were deliberately indifferent to Plaintiff's rights, and their actions caused or contributed to the cause of their injuries and the violation of the First Amendment to the United States Constitution.

54.

The actions of Defendants Marrs, Lehman, Damerville and Jane and John Does were malicious, deliberate, intentional, and embarked upon with the knowledge of, or conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of such intentional conduct, Plaintiff is entitled to an assessment of punitive damages against Defendants Marrs, Lehman, Damerville and Jane and John Does, in their individual capacities, in an amount sufficient to punish them and to deter them and others from like conduct.

//

Crispin Hannon Marton Cambreleng LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

## THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 - First and Fourth Amendments Violations – *Monell* Liability)**

55.

Plaintiff incorporates paragraphs 1 through 54 as though fully set forth herein.

56.

The individual defendants' conduct is illustrative of a patterns and practice of PPB officers violating the First and Fourth Amendment rights of individuals engaging in protests in Portland.

57.

Defendant City of Portland does not have adequate supervisory review of incidents where officers use force that would correct patterns of excessive force in a timely fashion, and rarely categorizes excessive force as out-of-policy even when the force is clearly excessive. The individual defendants have received no training or discipline for violating the United States Constitution. Defendant City of Portland has effectively condoned this practice by repeatedly failing to correct it.

58.

By maintaining a pattern and practice of violating protesters' First and Fourth Amendment rights, Defendant City of Portland has injured Plaintiff as alleged herein.

## FOURTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

59.

Plaintiffs incorporates paragraphs 1 through 58 as though set forth fully herein.

60.

Defendants Marrs, Lehman, Damerville and Jane and John Does' actions in interfering

PAGE 19 –COMPLAINT

with and attempting to prevent Plaintiff from lawfully engaging in Press activity, shoving her body to the ground in effort to prevent her from engaging in free speech and Press activity, and arresting Staab, were committed deliberately and intentionally to cause Plaintiff severe emotional distress or were undertaken with reckless disregard that Plaintiff would suffer severe emotional distress.

61.

Defendants Marrs, Lehman, Damerville and Jane and John Does knew, or should have known, that Plaintiff would suffer severe emotional distress, mental anguish, fear, humiliation, and public embarrassment and that such distress was substantially certain to result from their conduct.

62.

As a result of Defendants' actions, Plaintiff suffered severe emotional distress that was substantial and enduring.

63.

Defendants' actions were an extraordinary transgression of the bounds of socially tolerable behavior.

**FIFTH CLAIM FOR RELIEF**
**(Assault and Battery)**

64.

Plaintiff incorporates paragraphs 1 through 63 as though set forth fully herein.

65.

Through the actions of its agents, defendants Marrs, Lehman, Damerville and Jane and John Does, Defendant City of Portland is vicariously liable for the actions of the individually

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

named defendants.

66.

Defendants Marrs, Lehman, Damerville and Jane and John Does intended to cause harmful or offensive contact with Plaintiff.

67.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical and emotional injury, as well as economic losses.

## SIXTH CLAIM FOR RELIEF
### (State Law Claim - Wrongful Arrest)

68.

Plaintiff incorporates paragraphs 1 through 67 as though set forth fully herein.

69.

At the time Plaintiff was arrested she was attempting to engage in her work duties as a member of the Press and she was complying with the police directive; and had engaged in no behavior that threatened injury to police officers.

70.

Defendants lacked probable cause to arrest Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     Assume jurisdiction over Plaintiff's claims,

2.     Award economic damages against the defendants as alleged herein,

3.     Award noneconomic damages against the defendants as alleged herein,

4.     Assess punitive damages against the individual defendants Marrs, Lehman,

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

Damerville and Jane and John Does as alleged herein,

5.  Award plaintiff her reasonable attorney fees and costs pursuant to 42 U.S.C. §

1988, and

6.  Award such other relief in favor of plaintiff the Court deems just and equitable.

Dated this 19th Day of October, 2022.

_____ s/ Ashley A. Marton _____
Ashley A. Marton, OSB No. 171584
Rebecca Cambreleng, OSB No. 133209
Of Attorneys for Plaintiff

CRISPIN HANNON MARTON CAMBRELENG LLC
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770